**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MARK STEPHEN HICKS,                                    Case No: 1:15-cv-110

             Plaintiff,                              Barrett, J.
     v.                                                     Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

             Defendant.


**REPORT AND RECOMMENDATION**

**I.      Procedural Background and Pending Attorney Fee Motion**

Plaintiff Mark Stephen Hicks filed this Social Security appeal in order to challenge the Defendant's finding that he is not disabled.  *See* 42 U.S.C. §405(g).  On February 5, 2016, this Court reversed the Defendant's non-disability decision and remanded, pursuant to sentence four of 42 U.S.C. §405(g), for further review by the Social Security Agency.  (*See* Docs. 17, 18).

On May 31, 2016, the Court granted Plaintiff's timely filed motion for attorney fees and costs, pursuant to the Equal Access for Justice Act ("EAJA"), after the Defendant expressly agreed to that award.  (Doc. 22).

Following remand from this Court, an Administrative Law Judge ("ALJ") issued a favorable decision, finding the Plaintiff disabled as of March 15, 2009, and awarding him a lump sum of $94,725.80, representing more than 7 years in past due benefits, in addition to ongoing monthly benefits.  A Notice of Award dated June 27, 2016 informed Plaintiff and his attorney that the Agency was withholding 25% of his substantial past-due benefit award, equivalent to the maximum fee award permitted by statute, in order

to allow for payment of any approved attorney's fees.  After payment of any fee, the agency will remit any remainder to the Plaintiff.  (Doc. 23-2, PageID 988).

On September 16, 2016, Plaintiff filed a motion seeking an additional award of attorney fees from this Court, pursuant to 42 U.S.C. § 406(b).  Plaintiff counsel's unopposed motion has been referred to the undersigned for initial review and a Report and Recommendation.  Because the motion is untimely and would constitute a windfall to Plaintiff's counsel, it should be granted only in part, or alternatively, denied.

## II.    Analysis

Unlike the EAJA award previously paid by the United States, a fee under §406(b) impacts the social security claimant, because it is paid directly out of his past benefits award.  However, also in contrast to the EAJA which permits payment of attorney's fees upon judicial remand alone (subject to relatively few additional conditions), a § 406(b) fee can be awarded only if the agency awards benefits after remand.

The June 2016 Notice of Award explains that, based upon the provision of the Social Security Act that authorizes fee awards, the agency withheld $23,681.45 to provide for payment of any approved attorney's fees.   Based upon counsel's prior receipt of $6,000.00 of that amount for her work at the administrative level, counsel now seeks the maximum remaining fee available under the Social Security statute, or $17,681.45, for her work before this Court.

Even though the Commissioner has not filed any response in opposition to Plaintiff's current motion for fees, this Court has an affirmative duty under *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817 (2002) and related Sixth Circuit authority to examine the "reasonableness" of the amount of fees sought under §406(b).  As Plaintiff acknowledges in the pending motion, a contingency fee may be reduced if the fee

2

requested would constitute a windfall. *Gisbrecht*, 535 U.S. at 808, citing *Rodriguez v. Sec'y of HHS*, 865 F.2d 739, 746-747 (6th Cir. 1989) (*en banc*).  While not expressly acknowledged by Plaintiff in the pending motion, this Court's affirmative duty to examine the fee for reasonableness includes an examination of the timeliness of the motion.

Because the instant motion is untimely and because the amount of the award sought in this case is so excessive as to constitute a windfall, the undersigned recommends that Plaintiff's motion be greatly reduced, or alternatively, be denied.

### A.  Timeliness

Before turning to the merits of the § 406(b) motion, the undersigned considers the fact that the motion is untimely under Local Rule 54.2(b).

While a motion for fees under the EAJA must be filed within thirty days of the final judgment of this Court, until the enactment of a local rule effective January 1, 2016, the deadline for filing a motion under §406(b) of the Social Security Act was less clear. Except for in districts in which a local rule addressed the issue, guidance prior to this year was provided by case law.  Under that case law, a majority of courts held that the time frame for filing a fee motion under § 406(b) was governed by Rule 54(d)(2), Fed. R. Civ. P., as calculated from the date the Notice of Award was issued by the Social Security Administration following remand.  To avoid harsh results, courts – including this Court – frequently applied equitable tolling to extend the time period from running just fourteen days after the Notice of Award to a "reasonable" period of time.  *See, e.g., Walker v. Astrue,* 593 F.3d 274, 276 (3rd Cir. 2010); *Bergen v. Commissioner of Soc. Sec.,* 454 F.3d 1273, 1277 (11th Cir. 2006); *Pierce v. Barnhart,* 440 F. 3d 657, 663 (5th Cir. 2006); *Proctor v. Com'r of Soc. Sec.*, Case No. 1:09-cv-127 (S.D. Ohio, R&R filed Jan. 25, 2013, adopted Feb. 19, 2013); a*ccord Bentley v. Com'r of Soc. Sec.*, 524 F.

Supp.2d 921, 924 (W.D. Mich. 2007) (declining to adopt a rule in all future cases given lack of Sixth Circuit precedent, but applying equitable tolling and Rule 54(d)(2) on facts presented).

The same counsel who filed the instant motion appears frequently in this Court, and therefore should have been aware of the need to file her §406(b) motion within a "reasonable" time even before the adoption of a local rule on point.  Counsel states that she has practiced in Ohio since November 2002, and "has focused solely on Social Security claims since 2005."  (Doc. 23, PageID 931).

In fact, in another case decided after enactment of Local Rule 54.2(b), the same counsel appearing herein belatedly filed another § 406(b) motion.  In that case, the Court expressly drew counsel's attention to the enactment of the new local rule that specifies the deadline by which a § 406(b) motion must be filed, which was enacted in "an attempt to provide more clarity" to the local bar.   *See Ferry v. Com'r of Soc. Sec.*, Case No. 1:13-cv-482, 2016 WL 4471672 (S.D. Ohio August 4, 2016), adopted  at 2106 WL 4447819 (S.D. Ohio Aug. 24, 2016).   The R&R in that case quoted the new rule and explained its impact:

> As of January 1, 2016, Local Rule 54.2(b) now states:  "An attorney seeking fees awarded under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), must file a motion for fees no later than forty-five days after entry of judgment or the date shown on the face of the social security certificate award (notice of award), whichever is later."
>
> In this case, the Notice of Award is dated October 12, 2015.  Under the recently enacted local rule, counsel's motion for an award of fees under § 406(b) therefore was due on or before November 25, 2015.  Regrettably, counsel did not file her motion until April 5, 2016.  In the future, counsel is forewarned that the untimely filing of a § 406(b) motion, in violation of Local Rule 54.2(b), may result in the denial of any statutory fee.

*Id.* at *3 (emphasis original).

Notwithstanding the tardy filing of Plaintiff's § 406(b) motion for fees in *Ferry*, the

undersigned took note of the fact that "Local Rule 54.2(b) became effective only a few months prior to the time that counsel filed her motion," as well as "the excellent results achieved by counsel."  The undersigned also reasoned that "aside from the issue of timeliness under the recently enacted local rule - the total amount of attorney fees sought by counsel is otherwise 'reasonable' under controlling statutory authority and case law."  *Id.*  Therefore, the Court concluded "that equitable tolling should be applied in this case, **on this one occasion**, notwithstanding the existence of Local Rule 54.2(b).  Applying equitable tolling, the undersigned concludes that counsel's tardiness in filing her motion should not bar her recovery of a statutory fee." *Id.* (emphasis added).

To the extent that experienced social security counsel was not aware of the body of case law prior to 2016 requiring her to timely file her § 406(b) motion, and/or did not keep abreast of the January 1, 2016 effective date of Local Rule 54.2(b), counsel was expressly warned on August 4, 2016 that future late motions in violation of the rule would not be tolerated, but that equitable tolling would be applied on "one occasion."

The Notice of Award in this case is dated June 27, 2016.  Under Local Rule 54.2(b), Plaintiff's counsel had forty-five days, until August 11, 2016, to file her § 406(b) motion.  Counsel's motion was not filed until eighty-one days after the Notice of Award, and is 36 days out of time.  Moreover, in contrast to *Ferry*, the total amount of attorney fees sought by counsel in this case is not "reasonable" but instead would constitute a windfall even if the motion had been timely filed as required.

Based upon the express warning to the same counsel in *Ferry*, the Court would be justified in completely denying the current untimely motion.  Still, the undersigned once again is called to consider the harsh result (the elimination of additional fees to counsel beyond the EAJA fee previously awarded by this Court, and the $6,000 fee

previously awarded for work at the administrative level). Counsel was very effective in winning a substantial award of benefits on remand in this case, and public policy favors the enforcement of uncontested contingency fee agreements. Based upon consideration of <u>all</u> relevant factors, the undersigned recommends awarding counsel a greatly reduced fee. Because the issue is close and any additional fee awarded to counsel diminishes the disabled Plaintiff's benefits, the undersigned alternatively recommends that no additional fee be awarded beyond the EAJA fee award previously received by counsel.

### B. The Contingency Fee Agreement and the Maximum Attorney Fee

Counsel has attached to the motion a copy of a contingency agreement that appears to have been signed by Plaintiff on February 22, 2016, immediately following counsel's successful appeal to this Court.[1] Plaintiff's motion acknowledges that counsel has already received $6,000.00 of that amount, for work performed at the administrative level. For that reason, the maximum fee award permitted under the Social Security Act and the contingency agreement that counsel could receive for the work she performed in this Court is $17,681.45. Counsel seeks that maximum amount for the 12.5 hours of time she spent litigating Plaintiff's judicial appeal. However, counsel concedes that, to the extent that any § 406(b) award exceeds the $2125.00 previously awarded to her under the EAJA for the same 12.5 hours of work, she will be required to reimburse to Plaintiff the full EAJA fee award to avoid double recovery.[2]

---

[1]It is unclear why the agreement was not executed at the outset of representation.

[2]Counsel states that she will reimburse the full EAJA award of $2524.00, (Doc. 23, PageID 932), but the undersigned finds no basis to require reimbursement of the filing fee portion of that award. In other cases involving the same counsel including *Ferry, supra*, counsel has simply subtracted the amount of the prior EAJA fee award from the total sought award sought in the § 406(b) motion - a practice that has been sanctioned by this Court, as well as by published case law from other courts. *See, e.g. Jackson v. Com'r of Soc. Sec.*, 601 F.3d 1268 (11th Cir. 2010).

## C. The Maximum Fee Sought Would Constitute a Windfall

As has been discussed by this Court and others, the Commissioner has little incentive to file any response to a §406(b) motion given that fees for such an award are not borne by the Commissioner (as with EAJA fees), but instead are subtracted from an award previously made to the claimant. Even when a response is filed by the Commissioner, it often expresses no position.[3]

On the other hand, by statutorily capping contingency fee awards in social security cases at 25%, Congress has attempted to protect often-desperate plaintiffs from giving up too much of their future benefit awards for the sake of obtaining legal representation. The Sixth Circuit has long "emphasize[d]" that the 25% statutory cap should not be "viewed as *per se* reasonable." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). More recently, published case law from this district explains that an attorney seeking fees under §406(b) "must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered." *Lowery v. Com'r of Soc. Sec.*, 940 F. Supp.2d 689, 691 (S.D. Ohio 2013) (*citing Gisbrecht*, 535 U.S. at 807).

On the record presented, Plaintiff's counsel has failed to show the requested fee is reasonable. To the contrary, the undersigned concludes that, even if the motion had been timely filed, a "downward adjustment" would be warranted under *Gisbrecht* to avoid a windfall, because the amount of past due benefits awarded in this case) is so large in comparison to the amount of time counsel spent before this Court. *Id.* at 808; *see also Lowery* (approving unopposed request for contingency fees based on well-supported motion that represented significant voluntary reduction to just 14.5% of the

---

[3]*See, e.g., Childres v. Com'r of Soc. Sec.*, Case No. 1:09-cv-173-MRB, Response at Doc. 22, stating: "The Commissioner states that he has no financial stake in the matter, and no objection to Plaintiff's §406(b)] motion."

past-due benefits award).

Counsel's time records reflect that she was able to achieve success after logging just 12.5 hours of time before this Court.  Although counsel points out that she wrote a detailed prehearing brief at the request of a new ALJ after remand, her work at the administrative level already has been fully compensated under 42 U.S.C. §406(a), and this Court may not duplicate that recovery in assessing an award under 42 U.S.C. §406(b), which statutorily restricts compensation to work performed in this Court.

Based upon her experience and the results achieved, counsel argues that the requested fee would not constitute a windfall.  But the referenced two factors constitute only part of the analysis required by *Gisbrecht* and its progeny.

Counsel previously sought and was awarded a fee that represents an hourly rate of $170.00 under the EAJA for her work in this case.  Plaintiff cites *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990), a pre-*Gisbrecht* case in which the Sixth Circuit held that a contingent fee that amounted to twice an attorney's hourly rate could "never" constitute a windfall under § 406(b).  The *Hayes* Court approved of the calculation of a hypothetical hourly rate as "one method of determining whether the attorney would 'enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended.'" *Id.* at 421-422 (internal quotation and citation omitted).  Here, counsel's fee request translates to an extraordinarily high hypothetical hourly rate of $1,414.52 per hour for the time spent in this Court.  That rate is more than *eight* times the hourly rate counsel was previously awarded for the same work.

Plaintiff contends that her request is "in line with" other attorney fee awards made under § 406(b), but cites no cases within the Sixth Circuit, instead relying upon three West Virginia and California cases that were decided close in time to *Gisbrecht*, when

8

the "reasonable" standard was still evolving.  Moreover, in *Claypool v. Comm'r of Soc. Sec.*, 294 F. Supp. 2d 829 (S.D. W. Va. 2003), the amount of past due benefits was more than double the amount awarded in this case, and the resulting fee award, while very high, constituted just 9% of that award.  One of the other two cases cited by counsel is unpublished as well as not within this jurisdiction, and both reflect much lower hourly rates than sought by counsel here. *See Dodson v. Comm'r of Soc. Sec.*, 2002 WL 31927589 (W.D. Va. Oct. 22, 2002) ($694.44 per hour) and *Hearn v. Comm'r of Soc. Sec.*, 262 F. Supp. 2d 1033 (N.D. Cal. 2003) ($450.00 per hour).

Counsel last attempts to justify the requested fee based upon the difficulty of this case, which required review of "very repetitive and difficult to read" medical records from the Veteran's Administration. (Doc. 23, PageID 932).  Arguably, repetitive or duplicative records would shorten the amount of time spent in review, not lengthen that time.  In addition, presumably because most of the records review was conducted at the administrative level, counsel's records reflect only one half hour spent in review prior to the preparation of the statement of errors.  In fact, the 12.5 total hours spent in proceedings before this Court is well below the documented average in such cases. *See Scott v. Colvin*, 2014 WL 3101327 at *6 (N.D. Ohio July 7, 2014)("The Sixth Circuit has observed that the number of hours expended in most Social Security appeals ranges from 'twenty to thirty hours,'…with forty hours being the high end.") (citations omitted).

In short, even without the significant factor of the untimeliness of Plaintiff's fee motion, the requested fee would result in a windfall and is not "reasonable" under *Gisbrecht* and Sixth Circuit standards.  To avoid a windfall alone and considering the number of hours spent before this Court, the undersigned would recommend reducing

the fee awarded under § 406(b) to not more than $4500.00 in this case. In light of the failure of counsel to file her motion in a timely manner, despite having been expressly cautioned to do so in *Ferry*, the undersigned recommends an additional $500.00 reduction. Finally, rather than require counsel to re-pay Plaintiff the $2125.00 previously awarded to counsel under the EAJA, the undersigned recommends the subtraction of that amount from any § 406(b) award made herein.

### III. Conclusion and Recommendations

For the reasons stated, it is **RECOMMENDED THAT:**

1. Plaintiff's motion for an additional award of attorney's fees under 42 U.S.C. § 406(b) (Doc. 23) should be GRANTED IN PART;

2. Plaintiff's counsel should be awarded additional attorney's fees in the amount of $1,875.00 under 42 U.S.C. § 406(b), representing $4,000.00 under that statute, less the $2,125.00 previously awarded for the same work under the EAJA;

3. Plaintiff's counsel is cautioned a second time in the strongest possible terms that any future motions filed outside the time period specified in Local Rule 54.2(b) are likely to be denied;

4. In recognition of the close issues presented, the undersigned alternatively recommends the denial of Plaintiff's motion for an additional fee award.


         *s/ Stephanie K. Bowman*
         Stephanie K. Bowman
         United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MARK STEPHEN HICKS,                              Case No: 1:15-cv-110

              Plaintiff,                      Barrett, J.
    v.                                           Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

11